UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GABRIEL RAMIREZ CORRAL, | |
| Petitioner, | |
| v. | No. 25 CV 13465 |
| SAMUEL OLSON, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement, | Judge Manish S. Shah |
| Respondent. | |

## ORDER

The petition for a writ of habeas corpus [1] is granted, and no reply is necessary. Kristi Noem is dismissed as respondent. The government does not know the current immediate custodian of petitioner, [8], and the court concludes that Samuel Olson is an appropriate respondent with authority over petitioner's detention. Respondent is ordered to provide petitioner with a release hearing under 8 U.S.C. § 1226(a) within seven days of this order or otherwise release him. The parties shall file a status report confirming compliance with this writ by 11/20/25.

## STATEMENT

Petitioner Gabriel Ramirez Corral, a Mexican national, has been detained without a hearing to decide whether he may be released by the immigration authorities. [1] ¶¶ 8, 21, 24–29.[1]

As the government notes, application of the statutory framework for detention and release pending removal proceedings has been litigated in a series of recent petitions for writs of habeas corpus in this district. The government renews the arguments for dismissal of those petitions in this case and asserts no individual distinctions applicable to petitioner Ramirez Corral. [10].

Ramirez Corral entered the United States without inspection in the 1980s, and remained in the United States. [1] ¶ 23. For the reasons stated in *Corona Diaz v. Olson*, No. 25 CV 12141, 2025 WL 3022170, at *1–6 (N.D. Ill. Oct. 29, 2025), I conclude

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

that this court has jurisdiction over Ramirez Corral's petition, exhaustion is not required (it would be futile), and an "applicant for admission" is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) unless the applicant is also seeking admission. The government points to no evidence that Ramirez Corral was seeking admission at the time of his encounter with immigration officials. *See* [10]. The petition alleges that Ramirez Corral entered the United States and remained, without taking any affirmative steps to seek admission. *See* [1] ¶ 23. Under 8 U.S.C. § 1226(a), the default procedures for individuals present in the United States apply to Ramirez Corral, including discretionary detention and an opportunity to seek release. *See Corona Diaz*, 2025 WL 3022170, at *4–6.

Ramirez Corral's detention under § 1225(b)(2)(A) is contrary to the Immigration and Nationality Act. Without a hearing authorized by § 1226(a), he is in custody in violation of the laws of the United States. I grant his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[2]

ENTER:

Manish S. Shah
United States District Judge

Date: November 12, 2025

---

[2] Because I conclude that Ramirez Corral is being held in violation of the Immigration and Nationality Act, I do not reach whether he has also been denied due process.